CHRISTOPHER IANNIELLO ET AL., PROSECUTORS, v. TOWN OF HARRISON, IN THE COUNTY OF HUDSON, ET AL., DEFENDANTS.

Decided February 3, 1926.

**Municipalities—Garbage Contracts—Lowest Bidder—Testimony Does Not Show That Lowest Bidder was incapacitated Financially or Otherwise—Even if There was Doubt, He was Entitled to Reasonable Notice and Hearing Before Bid was Rejected.**

On writ of *certiorari*, argued by consent before Mr. Justice MINTURN.

For the prosecutors, *Fallon & Fallon.*

For the defendants, *Hugh C. Barrett.*

PER CURIAM.

The writ of *certiorari* was granted in this case to review the action of the town of Harrison in awarding the contract for the removal of garbage and so forth from the streets of the town to Charles M. O'Connor. The record shows the prosecutors to have been the lowest bidders and *prima facie* entitled to receive the contract. The township officials, however, entertained the notion that the prosecutors were not properly equipped financially or materially to undertake and complete the work, and therefore awarded the contract to O'Connor.

Testimony has been taken *pro* and *con* as to the qualifications of the prosecutors, from which it may be inferred that no valid basis exists for disqualifying them upon that ground. But, assuming that there was a reasonable basis presented for discussion as to that question, the prosecutors were at least entitled to reasonable notice and a hearing before their bid was rejected and a more burdensome contract imposed

upon the taxpayers, and that opportunity was not presented to them.   For that reason the award of the contract in this instance must be set aside, following the well-settled rule declared in *Faist* v. *Hoboken, 72 N. J. L.* 361; *Kelly* v. *Freeholders,* 90 *Id.* 411, and other cases of similar import in this jurisdiction.

Such will be the order.